Rockingham,
  June, 1898.

### HOYT v. HOYT & a.

Real estate specifically devised is not charged with the payment of legacies unless such an intention is expressly declared or can be fairly inferred.

Such an intention will not be inferred when the devise is on condition that the property shall not be sold or disposed of until the devisee arrives at the age of fifty years, and the legacy is ordered to be paid immediately after the decease of the testator.

ASSUMPSIT, for the amount of a legacy. Facts agreed. Ebenezer Hoyt died April 5, 1895, leaving a will by which he devised to his son, James E. Hoyt, one of the defendants, his homestead farm, valued at $1,500, charged with the suitable support of his mother, on condition that he should not sell or dispose of the same until he arrived at the age of fifty years, and an undivided half interest in two other lots of land, both valued at $16.50. He devised to the defendant Elihu B. Hoyt, a farm known as the Marston place, " on condition that he shall not sell or dispose of said property until he arrives at the age of fifty years, and that none of said property shall pay any of his debts contracted before that time," and an undivided half interest in other real estate, all of the value of $841. He bequeathed to his daughter, Lizzie S. Hoyt, the plaintiff, " one thousand dollars, to be paid immediately after my decease," made two other bequests amounting to $700, made the defendants residuary legatees, appointed them executors, and ordered that there be no appraisal or auction of any part of the estate, but that the executors pay the legacies named and divide the remainder equally between themselves.

The will was probated March 30, 1896. On that day the defendants declined the trust in writing, and an administrator was appointed on their petition. Aside from the furniture and a few other articles of little value, the personal estate consisted of $1,099.55 deposited in the Nashua Savings Bank, and $892.88 in the Mechanics' Savings Bank of Nashua. Both banks are in the hands of assignees, and it is uncertain how much will be realized upon the deposits. Since the death of the testator, James E. Hoyt has lived upon the homestead farm, and Elihu B. Hoyt upon the Marston place. Neither of them has declined to accept the legacies given to him in the will.

The plaintiff claims that her legacy is a charge upon the real estate devised to the defendants, and, before bringing suit, demanded payment of the defendants, which was refused.

*Streeter, Walker & Hollis,* for the plaintiff.

*Greenleaf K. Bartlett,* for the defendants.

CLARK, C. J. The question is whether the plaintiff's legacy of $1,000 is a charge upon the real estate devised to the defendants. The real estate is not, as of course, charged with the payment of legacies. It is never so charged unless the testator intended it should be, and that intention must be either expressly declared, or fairly and satisfactorily inferred. *Lupton* v. *Lupton,* 2 Johns. Ch. 614, 623. Real estate specifically devised is not charged with a general pecuniary legacy given in the same will when there is nothing to show that such was the intention of the testator. *Davenport* v. *Sargent,* 63 N. H. 538. If the testator desired to make the devises to his sons conditional upon their payment of his daughter's legacy, and has furnished sufficient competent evidence of that intention, the defendants are liable in this action.

If the devises of real estate to the sons had been unconditional, the provisions of the will would indicate that the testator intended to make the payment of the legacies a charge upon the whole estate. But the homestead farm was devised to James E. Hoyt, subject to the suitable support of his mother, " on condition that he shall not sell or dispose of the same until he arrives at the age of fifty years "; and the Marston place was devised to Elihu B. Hoyt, " on condition that he shall not sell or dispose of said property until he arrives at the age of fifty years, and that none of said property shall pay any of his debts contracted before that time." These conditions attached to the devises of the real estate show that the testator did not intend that it should be charged with the payment of the legacies named in the will, for he has provided that it should not be sold until his sons arrive at the age of fifty years, while the legacy to the plaintiff was ordered to be paid immediately after his decease.

The personal estate consisted chiefly of two savings bank deposits, aggregating $1,992.43. It is reasonable to conclude that the testator supposed this sum would be amply sufficient for the payment of legacies and all expenses of administration, and had no purpose of charging the real estate with the payment of the legacies.

*Judgment for the defendants.*

All concurred.